IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Ta'Kuan Bingham,<br>　　Plaintiff, | )<br>)<br>) |
| v. | )    No. 1:25cv119 (RDA/LRV) |
| Julie Lillrose Churchill,<br>　　Defendant. | )<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Ta'Kuan Bingham ("Plaintiff" or "Bingham"), a Virginia inmate proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that the defendant violated his constitutional rights. Dkt. No. 1. Bingham has applied to proceed *in forma pauperis*, Dkt. No. 2, and seeks monetary relief and retrial. Dkt. No. 1 at 2. Because Bingham is a prisoner, however, the Court must screen his complaint to determine whether it is frivolous, malicious, or fails to state any claims upon which relief may be granted. *See* 28 U.S.C. § 1915A.[1]

### I. Standard of Review

Pursuant to § 1915A, this Court must dismiss any claims based upon "'an indisputably meritless legal theory,'" or claims where the "factual contentions are clearly baseless." *Clay v.*

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

*Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

In addition, under 28 U.S.C. § 1915(e)(2)(B), a complaint can be dismissed at any time if the Court determines it fails to state a claim upon which relief can be granted, is frivolous or without merit when it is clear it would be barred by the statute of limitations. *See Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 955-56 (4th Cir. 1995) (en banc) (affirming district court's finding that complaint was barred by the applicable statute of limitations and "that the district court did not abuse its discretion in concluding that the action was frivolous") (citing 28 U.S.C. § 1915(d)); *Brown v. Harris*, No. 3:10cv613, 2012 WL 12383, at *1 (E.D. Va. Jan. 3, 2012) (under 28 U.S.C. § 1915(e)(2), a court must dismiss claims barred by the relevant statute of limitations (citing *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655-57 (4th Cir. 2006)).

## II. Complaint

Bingham alleges that his trial counsel, Defendant Julie Lillrose Churchill, violated his constitutional rights because she "coerced" his guilty plea in Gloucester County Circuit Court and she failed to argue that he be sentenced to "time served." Dkt. No. 1 at 2-4. On August 17, 2021, Bingham pleaded guilty to arson of an occupied dwelling and three counts of animal cruelty.

*Bingham v. Commonwealth*, Record No. 1396-21-1, 2022 WL 1547984, at *1-4 (Va. Ct. App. May 17, 2022). The complaint is largely conclusory and contains little more than that which is summarized above.

The online records of the Gloucester County Circuit Court confirm that Bingham was convicted of the arson of an occupied dwelling, and three counts of animal cruelty on November 8, 2021.[2] Bingham, by counsel, appealed his convictions to the Virginia Court of Appeals, which affirmed his convictions on May 17, 2022. *Bingham v. Commonwealth*, Record No. 1396-21-1,

---

[2] The online records for the Gloucester County Circuit Court indicate that Bingham was indicted on July 6, 2021, entered his guilty pleas on August 17, 2021, and that the court denied his motion to withdraw his pleas at his sentencing on November 8, 2021. *See* https://www.vacourts.gov/, Case Status and Information, Circuit Court Case Information and Fee Calculation, Gloucester Circuit Court, Criminal Tab (search "Bingham, Ta'Kuan") (last searched Apr. 22, 2025). *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("most frequent use of judicial notice of ascertainable facts is in noticing the content of court records") (collecting cases); *see, e.g., Lynch v. Leis*, 382 F.3d 642, 647 & n.5 (6th Cir. 2004) (taking judicial notice of state court records available to public online). His federal habeas petition indicates that Defendant Churchill represented Bingham from indictment through his plea on August 17, 2021. *See Bingham v. Anderson*, No. 1:24-cv-01225-RDA-WBP, Dkt. No. 1 at 13. Bingham's petition for a writ was dismissed without prejudice on February 27, 20225, and is pending on appeal. The habeas challenges the same four convictions he references in his § 1983, as well as a larceny conviction. *Id.*, Dkt. No. 1 at 1.

Further, although Bingham seeks to be retried, such relief is not available via a § 1983 civil action. Where, as here, a complaint attacks the fact or duration of confinement, the appropriate remedy is a writ of habeas corpus, not a claim under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). *See generally Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (summarizing the distinctions between § 1983 and habeas actions). As the Supreme Court has noted, a § 1983 claim for unconstitutional imprisonment is not appropriate unless and until plaintiff's conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 646-47 (1997) (recognizing a valid § 1983 claim when the procedural claim at issue does not call into question the lawfulness of plaintiff's continuing confinement).

3

2022 WL 1547984, at *4 (Va. Ct. App. May 17, 2022).[3] The Virginia Supreme Court affirmed his convictions on September 30, 2022. *Bingham v. Commonwealth*, Record No. 220296, 2022 WL 1547984 (Va. Sept. 30, 2022).[4]

### III. Statute of Limitations

Here, the underlying claim accrued on or before November 8, 2021 when Bingham was sentenced. Because there is no explicit statute of limitations for 42 U.S.C. § 1983 actions, the courts borrow the personal injury statute of limitations from the relevant state. *Nasim*, 64 F.3d at 955 (citing *Wilson v. Garcia*, 471 U.S. 261, 266-69 (1985)). Virginia applies a two-year statute of limitations to personal injury claims. *See* Va. Code Ann. § 8.01-243(A). Hence, Bingham was required to file his complaint within two years from when his claim accrued. "A claim accrues when the plaintiff becomes aware of his or her injury, *United States v. Kubrick*, 444 U.S. 111, 123 (1979), or when he or she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists." *Almond v. Sisk*, No. 3:08cv138, 2009 WL 2424084, at *4 (E.D. Va. Aug. 6, 2009) (omission in original) (quoting *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995)). Thus, to be timely Bingham must have filed his complaint on or before Wednesday, November 8, 2023. Bingham's complaint is dated, in the light most favorable to him, on December 11, 2024. Dkt. No. 1 at 4. *See Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 736 (4th Cir.

---

[3] https://eapps.courts.state.va.us/cav-public/home/homePage (search "Bingham, Ta'Kuan") (last viewed Apr. 22, 2025). *See Coil*, 887 F.2d at 1239 (4th Cir. 1989); *see, e.g., Lynch*, 382 F.3d at 647 & n.5.

[4] https://eapps.courts.state.va.us/acms-public/home/homePage (search "Bingham, Ta'Kuan") (last viewed Apr. 22, 2025). *See Coil*, 887 F.2d at 1239 (4th Cir. 1989); *see, e.g., Lynch*, 382 F.3d at 647 & n.5.

1991) (concluding inmate's civil action was filed for statute of limitation purposes when handed to prison officials for mailing).[5] Therefore, the complaint is untimely as to defendants Shaw and Donner, and will be dismissed as being barred by the statute of limitations.

### III. *Heck v. Humphrey*, 512 U.S. 477 (1994), and "Color of State Law"

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

*Heck* held that where a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the claim must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. A plaintiff meets his burden by achieving a "favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S.

---

[5] Bingham did file a previous civil action in this Court, *Bingham v. Shaw*, No. 1:24cv1034 (RDA/LRV), 2024 WL 4643253 (E.D. Va. Oct. 30, 2024) ("*Bingham I*"), *aff'd*, No. 24-7114, 2025 WL 325650 (4th Cir. Jan. 29, 2025), that is nearly identical to the instant action in that it concerns Bingham's November 8, 2021 conviction. The instant action is limited to just Defendant Churchill (who was one of several defendants named as defendants in *Bingham I*). The complaint in *Bingham I* was dated May 22, 2024. Even using that earlier date, the statute of limitations expired before this civil action was filed.

749, 751 (2004) (per curiam). Bingham has not met his burden because his convictions have not been overturned, reversed, or called into question.

In addition to being barred by *Heck*, Defendant Churchill is not subject to suit under § 1983 because she did not act under color of state law. To sufficiently state a claim under § 1983, a plaintiff must (1) "allege the violation of a right secured by the Constitution and laws of the United States" and (2) "show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A defense attorney does not act under color of state law. *See Ward v. Ghee*, 8 F.3d 823, 1993 WL 410357, at *1 (4th Cir. 1993) ("Defense attorneys do not act 'under color of' state law and are, therefore, not amenable to suit under § 1983, whether privately retained, *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976), appointed by the state, *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982), or employed as public defenders, *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)").

As the claims against Churchill are barred as a matter of law, the complaint fails to state a cause of action and amendment would be futile. *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) ("Where the statute of limitations bars a cause of action, amendment may be futile and therefore can be denied."); *Reid v. James Madison Univ.*, 90 F.4th 311, 318 (4th Cir. 2024) (affirming that any statute of limitations issue is properly analyzed within the 12(b)(6) framework); *Howard v. Sharrett*, 540 F. Supp. 3d 549, 552 (E.D. Va. 2021) (allowing plaintiff to "amend would be futile because not only are the defendants named immune from suit, his complaint must be dismissed under *Heck v. Humphrey*, 512 U.S. 477, 484-86 (1994), and it is barred by the statute of limitations.").

Accordingly, it is hereby

**ORDERED** that the Motion to proceed *in forma pauperis*, Dkt. No. 2, is **DISMISSED as MOOT**; and it is

**FURTHER ORDERED** that this civil action be and is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and it is

**FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(g),[6] this dismissal may affect Plaintiff's ability to proceed *in forma pauperis* in future civil actions; and it is

**FURTHER ORDERED** that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act.

To appeal this decision, plaintiff must file a written notice of appeal with the Clerk's office within thirty (30) days of the date of this Order. *See* Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal and including the date of the Order the plaintiff wishes to appeal. Failure to file a timely notice of appeal waives the right to appeal this decision.

The Clerk is directed to send a copy of this Order dismissing the complaint without prejudice to Plaintiff, and to close this civil action.

Entered this 23 day of April, 2025.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge

---

[6] 28 U.S.C. § 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.